UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SERGIO MURILLO, individually and on behalf of all others similarly situated; <br><br> v. <br><br> BERRY BROS. GENERAL CONTRACTORS, INC. | Case No. <br><br> **FLSA Collective Action Complaint** |

Sergio Murillo ("Plaintiff" or "Murillo"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation owed to Plaintiff and his similarly situated co-workers – mechanics, welders, electricians, and other laborers (collectively "Non-Exempt Laborers") – who work or have worked for Berry Bros. General Contractors, Inc. (hereinafter, "Defendant" or "Berry Bros"), throughout the United States.

2. Started in 1956 by brothers Doyle & Everett Berry, Berry Bros has grown into one of the largest construction service providers in the United States. From its corporate headquarters in Berwick, Louisiana – located in St. Mary's Parish - Berry Bros provides its customers teams of Non-Exempt Laborers to assist on a wide range of oilfield and heavy construction projects.

3. Berry Bros provides six main types of oilfield and heavy construction services. These services are organized between: 1) fabrication services, 2) civil & mechanical installation and maintenance of industrial sites, 3) electrical and instrumentation services, 4) marine services, 5)

pipeline installation and construction, and 6) drydock services.[1]

4. Berry Bros has three significant fabrication facilities located in Shreveport, Louisiana (32,000 square feet), Blanchard, Louisiana (25,000 square feet), and Pecos, Texas (7,200 square feet).[2] From these facilities, Berry Bros offers services such as fabricating ASME pressure vessels, pressure piping, structural steel, equipment skids, well pad/tank battery facilities, central processing facilities, salt water disposals, meter stations, compressor stations, and degassing stations.[3]

5. Berry Bros' civil & mechanical division focuses on the construction and maintenance for heavy industrial job sites such as gas plants, compressor stations, processing facilities, central gathering facilities, SWDs, well-site facilities, power plants, and petro-chemical plants.[4]

6. Berry Bros' electrical and instrumentation services ("I & E") cover the "full spectrum of industrial markets" and include services such as industrial electronical contracting, industrial electrical instrumentation, control and design services, start-up services, turnaround services, consulting and supervision, maintenance services, and power line construction and maintenance.[5]

7. Berry Bros also advertises itself as having "the experience, expertise and equipment to lay steel and HDPE lines on land, in water and in the marsh/swamps of Louisiana and Texas."[6]

---

[1] *See* Homepage, Berry Bros. General Contractors Website (*available at* https://www.bbgci.com/) (last accessed October 16, 2018).
[2] *See* Fabrication, Berry Bros. General Contractors Website (*available at* https://www.bbgci.com/fabrication/) (last accessed October 16, 2018).
[3] *Id.*
[4] *See* Civil & Mechanical, Berry Bros. General Contractors Website (available at https://www.bbgci.com/civil-mechanical/) (last accessed October 16, 2018).
[5] *See* I&E, Berry Bros. General Contractors Website (*available at* https://www.bbgci.com/i-e/) (last accessed October 16, 2018).
[6] Pipeline, Berry Bros. General Contractors Website (*available at* https://www.bbgci.com/pipeline/) (last accessed October 16, 2018).

8. Berry Bros is also a full service marine contractor operating on the gulf coast and inland waters of Louisiana, Texas, and Mississippi, offering services such as dredging, pile driving, heavy lifts, self-propelled crane barges, tugs and barges, and docket services, and owns a full service shipyard and 1,350 ton drydock out of its corporate Berwick, Louisiana headquarters that offers dockside services to boats up to 180 feet and barges up to 250 feet.[7]

9. Berry Bros owns and maintains a central website for its business operations located at www.bbgci.com. From this central website, users can apply for employment at Berry Bros job sites around the country and learn of the company's various services.

10. In order to provide its customers its oilfield and heavy construction services, Berry Bros employs a significant amount of Non-Exempt Laborers across the United States. For example, Berry Bros' website shows it has projects in the states of Pennsylvania, West Virginia, North Carolina, South Carolina, Mississippi, Louisiana, Texas, Oklahoma, New Mexico, Kansas, Colorado, Wyoming, Montana, and North Dakota.[8]

11. Berry Bros pays its Non-Exempt Laborers partly on an hourly basis, and then also pays them additional wages for that week's work on the same or separate paycheck.

12. These additional wages are subject to applicable payroll taxes and are included in Non-Exempt Laborers' year end wage amounts on the pay stubs.

13. Moreover, these wages are based upon the hours worked by Non-Exempt Laborers.

14. Despite being non-exempt employees, Berry Bros has failed to properly pay Non-Exempt Laborers overtime compensation at 1.5 times their regular rate of pay.

---

[7] *See* Marine Services, Berry Bros. General Contractors Website (*available at* https://www.bbgci.com/marine-services/) (last accessed October 16, 2018); Drydock, Berry Bros. General Contractors (*available at* https://www.bbgci.com/drydock/) (last accessed October 16, 2018).

[8] *See* Berry Bros. Home Page, (available at https://www.bbgci.com/) (last accessed October 16, 2018).

15. Specifically, Berry Bros did not factor in *all* compensation it paid Non-Exempt Laborers when calculating the regular rate of pay for purposes of calculating and paying overtime.

16. As a result, Berry Bros has significantly underpaid Non-Exempt Laborers for overtime hours worked.

17. Plaintiff brings this action on behalf of himself and all other similarly situated Non-Exempt Laborers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

19. The proposed collective action includes a total number of plaintiffs in excess of 100.

20. Venue is proper in the Lafayette Division of the Western District of Louisiana because Defendant resides in this District (in St. Mary's Parish) and performs substantial business here.

## THE PARTIES

### Plaintiff

#### Sergio Murillo

21. Murillo is an adult individual who is a current resident of the State of Texas, specifically, Maverick County, Texas.

22. Murillo was employed by Berry Bros as a mechanic from approximately September 2017 to February 2018 at its Pecos, Texas fabrication shop located at 206 N. FM 1216 Pecos, Texas 79772.

23. At all relevant times, Murillo was an "employee" of Berry Bros as defined by the FLSA.

24. At all relevant times, Berry Bros was Murillo's "employer" as defined in the FLSA.

25. Murillo's written consent is being filed with this Collective Action Complaint.

### Defendant

**Berry Bros. General Contractors, Inc.**

26. Berry Bros. General Contractors, Inc. is a foreign for-profit corporation organized and existing under the laws of Louisiana.

27. Berry Bros. General Contractors, Inc.'s principal executive office and corporate headquarters are located at 1414 River Road, Berwick, Louisiana 70342. The company's mailing address is also listed as P.O. Box 253, Berwick, Louisiana 70342.

28. At all relevant times, Berry Bros. General Contractors, Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices. In this regard, Berry Bros. General Contractor, P.O. Box 253, Berwick, Louisiana 70342 appears on Plaintiff's paystubs.

29. Berry Bros. General Contractors, Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Laborers Workers at their locations throughout the United States.

30. At all times relevant, Berry Bros. General Contractors, Inc. has had an annual gross volume of sales in excess of $500,000.00.

## FACTS

31. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Sergio Murillo**

32. Murillo was employed by Berry Bros as a mechanic from approximately September 2017 to February 2018 at its Pecos, Texas fabrication center located at 206 N. FM 1216 Pecos, Texas 79772.

33. During the course of his employment, Murillo regularly worked over 40 hours per week. In this regard, unless he missed time for vacation, sick days or holidays or had to work an extended shift, Murillo generally worked 12 hours per day, from 6:00 A.M. to 6:00 P.M., from Monday

through Saturday, and then Sunday from approximately 6:00 A.M. to 12:00 or 1:00 P.M. In some weeks, Plaintiff even worked up to 82.50 hours per week.

34. Despite regularly working over 40 hours per week, Berry Bros did not properly pay Murillo proper overtime compensation for all hours worked over 40. In this regard, Berry Bros compensated Murillo in part on an hourly basis on his paystubs, specifically, $21.00 per hour. In addition to this hourly wage, Murillo would also receive additional wages on the same or separate paystub. This additional compensation was subject to taxes, included in his year to date wage amounts, and depended upon the hours worked by Murillo.

35. Berry Bros failed to pay Murillo proper overtime compensation because it failed to pay him 1.5 times his regular rate of pay, which should have included *all* wages received and not just those labeled as hourly rates of pay. As a result, Berry Bros significantly underpaid Murillo for overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Laborers for Berry Bros throughout the United States who elect to opt-in to this action (the "FLSA Collective").

37. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

38. Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

39. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

40. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

41. Defendant's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay overtime compensation to its employees.

42. Defendant knows federal law required it to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

43. There are many similarly situated current and former Non-Exempt Laborers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

44. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

45. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

46. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the members of the FLSA Collective.

47. Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per week.

48. Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay, which

should have included all compensation earned per workweek – for all hours worked beyond 40 per workweek.

49. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Laborers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Berry Bros. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

D. Reasonable attorneys' fees and costs of the action; and

E. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Kenneth W. DeJean
Kenneth W. DeJean (La. Bar No. 4817)
Adam R. Credeur (La. Bar No. 35095)
**LAW OFFICES OF KENNETH W. DEJEAN**
417 W. University Ave.
P.O. Box 4325
Lafayette, La 70502
Telephone: (337) 235-5294
Telecopier: (337) 235-1095
kwdejean@kwdejean.com
adam@kwdejean.com
Local Counsel for Plaintiffs

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, pro hac vice forthcoming
Armando A. Ortiz, pro hac vice forthcoming
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch, pro hac vice forthcoming
8 Greenway Plaza #1500
Houston, Texas 77046
Telephone: (713) 877-8788

**Attorneys for the Plaintiff and Putative Collective**