## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Murillo, individually and on behalf of all other similarly situation | Civil Action No. 6:18-cv-1434 |
| versus | Judge Michael J Juneau |
| Berry Bros General Contractors Inc | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Rule 12(b)(6) Motion To Dismiss Or, In The Alternative, For More Definite Statement, filed by Defendant Berry Brothers General Contractors, Inc. ("Berry Bros") [Rec. Doc. 4], Plaintiffs' Memorandum In Opposition [Rec. Doc. 11] and Berry Bros' Reply thereto [Rec. Doc. 12]. For the following reasons, the Court recommends that Berry Bros' Motion be denied.

### I. Background

Plaintiff Sergio Murillo ("Plaintiff" or "Murillo"), filed this action under the Fair Labor Standards Act (the "FLSA"), alleging that Berry Bros failed to pay him and other similarly situated workers "overtime compensation". *Id. at ¶ 1*. Murillo alleges he was employed by Berry Bros as a mechanic at its Pecos, Texas fabrication facility from approximately September 2017 to February 2018. *Id. at ¶¶ 22, 32*.

Murillo brings this suit on his own behalf and also on behalf of a proposed class consisting of "his similarly situated co-workers–mechanics, welders, electricians, and other laborers (collectively 'Non-Exempt Laborers')–who work or have worked for [Berry Bros] . . . , throughout the United States."[1] *Id. at ¶ 1*. Murillo alleges that Berry Bros paid him "in part on an hourly basis" of $21.00 per hour. *Id. at ¶ 34*. He further alleges that he regularly worked over 40 hours per week—generally 12 hours per day, 6:00 a.m. to 6:00 p.m., Monday-Saturday, and Sunday, 6:00 a.m. to 12:00 or 1:00 p.m. *Id. at ¶ 33*. He sometimes worked up to 82.5 hours/week. *Id.* He alleges that while Berry Bros paid him $21.00 per hour for the work "labeled as hourly rates of pay," the company failed to pay him 1.5 times his hourly wage for all hours he worked over 40 per week. *Id. at ¶ 34*. He alleges these additional wages were subject to applicable payroll taxes and were included in his year-end wage amounts on the pay stubs. *Id. at ¶¶ 12, 34*. He further alleges that Berry Bros did not factor in "*all* compensation it paid" for purposes of calculation and paying over time. *Id. at ¶¶ 15, 35*. As a result, he alleges, Berry Bros has significantly underpaid Plaintiff and its Non-Exempt Laborers for overtime hours worked. *Id. at ¶¶ 16*, 35.

---

[1] Plaintiff alleges that Berry Bros' website shows it had projects in the states of Pennsylvania, West Virginia, North Carolina, South Carolina, Mississippi, Louisiana, Texas, Oklahoma, New Mexico, Kansas, Colorado, Wyoming, Montana and North Dakota. *Id. at ☐ 10.*

Berry Bros moves to dismiss under Rule 12(b)(6), arguing that Plaintiff has not pleaded sufficient facts to establish a claim under the FLSA. In the alternative, Berry Bros moves the Court to require Plaintiff to amend his complaint to provide a more definite statement as to the overtime allegedly owed or the membership of the alleged class.

## II. Law and Analysis

### A. Legal Standard

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

at 556). The plausibility standard "is not akin to a 'probability requirement,'" though it does require more than simply a "sheer possibility" that a defendant has acted unlawfully. *Id.* at 678. Thus, a pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## B. Analysis

An employer violates the FLSA if it fails to pay covered employees at least one and one-half times their normal rate for hours worked in excess of 40 hours per week or fails to pay covered employees a minimum wage. 29 U.S.C. §§ 206, 207. Thus, in order to state a claim for unpaid overtime or minimum wages under FLSA, a plaintiff must plead: (1) that there existed an employer-employee relationship during the pay periods claimed; (2) that the employee engaged in activities within the coverage of FLSA; (3) that the employer violated FLSA's overtime or minimum wage requirements; and (4) the amount of compensation due. *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)).

### 1. FLSA Violations

Berry Bros takes issue with the third and fourth factors. Specifically, Berry Bros contends that Murillo fails to allege sufficient facts to state a clam under the

FLSA because his complaint is "intentionally vague" by alleging he is owed overtime on "additional compensation" that was included "on the same or separate paystub." Defendant asserts that Plaintiff has not alleged the "nature or amount" of the "additional compensation" or why Berry Bros owes overtime on it. Berry Bros refers to Murillo's use of the term "additional wages" used in paragraphs 11 and 12 of the Complaint.

Berry Bros represents that Murillo states on page nine of his opposition that "[a] plaintiff alleges a viable FLSA claim where they allege an employer did not factor in all remuneration into the regular rate of pay for the purposes of calculating and paying overtime." *R. 14, p. 1.* The Court does not disagree with this statement. Berry Bros contends, however, that under the FLSA a plaintiff must *specifically* allege the nature of the compensation on which the employer allegedly owes overtime or why the compensation should have been included in the employee's regular rate. It cites *Atkins v. Primoris Serv. Corp.*, 2017 WL 4697517 (W.D. La. 2017) in support of the contention that Murillo's complaint is deficient based on the term "additional wages."

Contrary to Berry Bros' contention, the Court finds that *Atkins* supports that Murillo has plead a plausible claim under the third FLSA factor. A reading of the entire Complaint makes it clear that the use of "additional wages" refers to all wages

5

paid to Berry Bros' Non-Exempt Laborers *other than* those wages paid pursuant to an hourly rate for a 40-hour work week. Murillo confirms in his opposition memorandum that "it is clear from reading the Complaint that the term 'additional wages'" refers to pay other than Murillo's "$21.00 hourly rate of pay." *R. 11, p. 5*. Plaintiff further elucidates the claim as "those who received these additional, taxable wages in addition to their base hourly rates and did not receive overtime based on these additional wages." *R. 11, p. 9*. The Court agrees and finds that Murillo's Complaint is plainly sufficient to raise a plausible claim for relief under the FLSA.

Plaintiff further alleges that he regularly worked over 40 hours per work week, generally 12 hours per work day, and sometimes more, and that he was not paid time-and-a-half for those overtime hours. *R. 1, ☐☐ 33-35*. Those are specific factual allegations that, if proven, give rise to a plausible claim to relief under the FLSA's overtime provisions. *See Coleman v. John Moore Servs., Inc*., 2014 WL 1671748, *1–2 (S.D.Tex. Apr.28, 2014) (complaint sufficient where plaintiff allegedly worked 11–hour shifts six days per week without being paid overtime); *Coleman v. John Moore Services, Inc*., 2014 WL 1671748, at *2 (S.D.Tex.,2014) (complaint sufficient where plaintiff alleges that he "regularly worked ten hours a

day, six days a week throughout his tenure" without being paid the overtime premium).

### 2. Collective Action Allegations

Defendant next argues that Plaintiffs' Complaint fails to adequately plead an FLSA collective action based on the allegation that the putative class at issue includes "Non-exempt Laborers"—mechanics, welders, electricians and other laborers—who work or have worked for Berry Bros … throughout the United States." *R. 1, ¶ 1.* The FLSA authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime or minimum wages on their own behalf and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b); *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 571 (E.D. La. 2008). Although it is necessary for all employees in a collective action to be "similarly situated," the FLSA does not define this term. *Lang v. DIRECTV, Inc.*, 735 F. Supp. 2d 421, 434 (E.D. LA 2010). Additionally, the Fifth Circuit has not specified the level of detail required to be shown in the pleading stage, as opposed to the class certification stage. *Id.* A successful FLSA complaint must allege facts supporting the conclusion that all potential plaintiffs were "victims of a common policy or plan that violated the law." *England v. Administrators of the Tulane Educ. Fund*, 2016 WL 6520146, at *4 (E.D. La. July 19, 2016) (quoting

7

*Wischnewsky v. Coastal Gulf & Int'l, Inc.*, 2013 WL 1867119, at *4 (E.D. La. May 2, 2013)). "Plaintiffs need only show their positions are similar, not identical." *Id.* (citing *Creech v. Holiday CVS, LLC*, No. 11-46, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012)). Moreover, "[a]s applied to a collective action under the FLSA, a 12(b)(6) motion should not succeed if the complaint gives the defendant fair notice of the putative class." *Id.* (citing *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014)).

Berry Bros asserts that *England v. Administrators of the Tulane Educational Fund*, 2016 WL 3902595, at *3 (E.D. La. July 19, 2016) ("*England I*") supports its position that Murillo must allege that the similarly situated parties have similar job descriptions and pay provisions. In *England I*, the court found, in part, that the putative plaintiffs defined as "all similarly situated hourly, non-exempt employees employed by Tulane...." lacked any job descriptions and was therefore too vague to give the defendant fair notice of the putative class. The plaintiff was ordered to amend his complaint. Berry Bros reliance on *England I,* however, is misplaced based on the court's subsequent post-amendment ruling in *England v. Admin's. of Tulane Educ. Fund*, 2016 WL 6520146, at *3-4 (E.D. La. Nov. 3, 2016) ("*England II*"). In *England II* the court noted that while the plaintiff did not provide a job description for the proposed class, by defining "employees" as "tutors" the amended

8

complaint sufficiently qualified the putative plaintiffs. Significantly, the court explained:

> The Court is mindful that this case has not yet reached the conditional certification stage. Therefore, this determination is made using a fairly lenient standard. The Plaintiff will have the opportunity to develop a record on the issue before moving for certification. Likewise, the Court will then be able to review the appropriateness of collective action upon such a motion for certification. Today's decision prevents Defendant from performing an end-run around the certification process by trying certification on the face of the complaint.

Here, Murillo represents that he worked as a non-exempt mechanic for Berry Bros. As provided in the foregoing, he alleges that he did not receive overtime pay for the hours he worked outside of his 40 hours work week. He defines the similarly situated co-workers as mechanics, welders, electricians and other laborers. The Court finds that such a definition of the class provides Berry Bros with fair notice of the putative class—non-exempt laborers, i.e. mechanics, welders and electricians, who did not receive remuneration for the work they performed over 40 hours per week.

The other cases Berry Bros cites in support of its argument that Murillo must give notice of the putative plaintiffs' similar job duties are also distinguishable from this case. In *Robbins v. XTO Energy, Inc.*, 2018 WL 3130605, at *4 (N.D.Tex., 2018), the plaintiff alleged only that the potential class members are or were non-exempt employees who are or were responsible for performing manual and

9

technical labor at well sites. The Court required the plaintiff to amend his complaint to further allege job title(s) and geographical information. *Id. at * 4, 5*. In *Creech v. Holiday CVS, LLC*, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012)) the plaintiff was a "shift supervisor" and alleged that the proposed putative plaintiffs "provided customer services" without any allegations as to their job duties or that they were subject to the same pay provisions. Without any facts as to the pay scheme, the court found that the plaintiff failed to allege that he was similarly situated to the proposed putative plaintiffs. *Id. at *3*. In *Pickering v. Lorillard Tobacco Co.*, 2011 WL 111730 (M.D. Ala. Jan. 13, 2011), the court noted that the only detail provided in the complaint about his job was that the plaintiff "worked as a full-time sales representative" with nothing as to the similarly situated employees' jobs and without any allegations concerning their pay provisions. *Id. at *2*. As previously stated, in this case Murillo has described the allegedly illegal pay practice he and the other collective members have been subject to as well as his job title and the job titles of the others he alleges are similarly situated.

### III. CONCLUSION

As the Court finds that Murillo's Complaint sufficiently alleges FLSA and Collective Action violations, the Court recommends that Berry Bros' Motion to

Dismiss and its alternative Motion For More Definite Statement [Rec Doc. 4] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 17th day of January, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE